Christopher B. PAONESSA,
Petitioner–Appellant,

v.

Jim HALL, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 05–55200.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ellen Birnbaum Kehr, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: KOZINSKI, KLEINFELD and TALLMAN, Circuit Judges.

### MEMORANDUM **

**1.** The Riggio interview does not give rise to a due process violation as a prosecutor may, consistent with due process, attempt to convince a co-defendant to accept a plea deal and testify for the state. Nor was there a *Brady* violation, as the interview notes and the tape recording of the interview were turned over during trial and petitioner has not alleged them to contain exculpatory or impeaching material. *Strickler v. Greene,* 527 U.S. 263, 281–

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Failure to comply with California state discovery disclosure requirements is not an appropriate basis for federal habeas relief. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Questioning by Riggio's counsel that minimized his client's involvement and implicated the other co-defendants is an expected strategy in a multiple-defendant case and does not give rise to a due process violation. Since Riggio ultimately decided not to testify, it was not objectively unreasonable for the California courts to find no prejudice from the failure to make timely disclosure.

 2. The failure to transcribe the Agrios interview was not a *Brady* violation as a cassette tape containing the interview was made available to defense counsel. The failure to promptly disclose the Levinson report is not a *Brady* violation because petitioner has not identified any exculpatory or impeaching material in the report. *Strickler,* 527 U.S. at 281–82, 119 S.Ct. 1936; *Brady,* 373 U.S. at 87, 83 S.Ct. 1194. Violation of state transcription requirements is not an appropriate basis for federal habeas relief. *See Estelle,* 502 U.S. at 67–68, 112 S.Ct. 475.

 3. The various challenged examinations and remarks by the prosecutor during the course of the five-week trial did not create error so pervasive as to deny due process. "[I]t 'is not enough that the prosecutors' remarks were undesirable or even universally condemned.'" *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Darden v. Wainwright,* 699 F.2d 1031, 1036 (11th Cir.1983)). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of

supervisory power.'" *Id.* (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Here, the trial judge cured most instances of potential bias or misconduct by actively chastising the prosecutor and reminding the jury of its responsibilities. What remains is insufficient to render the trial fundamentally unfair and therefore does not justify the extraordinary remedy of habeas corpus.

4. The remarks made during closing argument do not rise to the level of a due process violation. Attorneys, including prosecutors, are given wide latitude during closing argument. *United States v. Vaccaro,* 816 F.2d 443, 451 (9th Cir.1987), *abrogated on other grounds by Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

**AFFIRMED.**